# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BANKERS STANDARD INSURANCE COMPANY** as Subrogee of Bennett Stichman<br>436 Walnut Street<br>Philadelphia, Pennsylvania 19106<br><br>          Plaintiff<br><br>vs.<br><br>**ALL-PRO SERVICES, INC.**<br>13911 Westview Forest Drive<br>Bowie, Maryland 20720<br><br><u>Serve on Registered Agent:</u><br>William M. Royston<br>13911 Westview Forest Drive<br>Bowie, Maryland 20720<br><br>          Defendant | CIVIL ACTION NO.: 1:19-cv-1052<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Bankers Standard Insurance Company as Subrogee of Bennett Stichman, by and through its undersigned counsel, hereby demands judgment against defendant, All-Pro Services, Inc., and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Bankers Standard Insurance Company ("Bankers"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106 and at all times relevant hereto was licensed to issue policies of property insurance in the District of Colombia.

2. Defendant, All-Pro Services, Inc. ("All-Pro"), is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business located at 13911 Westview Forest Drive, Bowie Maryland 20720 and at all times relevant hereto was in the

business of, inter alia, providing heating, ventilation and air conditioning ("HVAC") services to residential properties.

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and the claims for damages exceed the $75,000.00 monetary limitation in this Court, exclusive of interest, costs and attorney's fees.

4. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 since the damages and cause of action that is the subject of this litigation, along with the wrongful acts and omissions of the defendant, occurred in this District.

**FACTS**

5. At all times relevant hereto, Bennett Stichman, ("plaintiff's insured"), was the owner of the real property located at 3610 Massachusetts Avenue N.W., Washington, DC ("Subject Premises").

6. At all times relevant hereto, Bankers had in force and effect a homeowners insurance policy issued to its insured, policy number 268101169 ("Subject Policy"), for the real and personal property located at 3610 Massachusetts Avenue N.W., Washington, DC with effective dates from December 2, 2017 to December 2, 2018.

7. Prior to January 18, 2018, plaintiff's insured retained the services of All-Pro to install, service and maintain a gas-fired boiler ("subject boiler") located in the basement of the Subject Premises.

8.     Upon information and belief, All-Pro was to perform periodic inspections, maintenance and service as needed on the gas-fire boiler.

9.     Prior to January 18, 2018, plaintiff's insured went on a vacation and left the Subject Premises unoccupied.

10.    Prior to January 18, 2018 the aforementioned gas-fired boiler stopped functioning which caused the interior ambient temperature of the Subject Premises to fall to, or below, the freezing point.

11.    On or about January 18, 2018, as a result of the non-functioning gas-fired boiler, water pipes in the Subject Premises froze and ultimately burst causing a flooding condition in the Subject Premises.

12.    As a direct and proximate result of defendant's acts and/or omissions, the ensuing release of water substantially damaged plaintiff's insured's property.

13.    As a result of the water damage to the property, plaintiff's insured submitted a claim to Bankers.

14.    Bankers has made payments to its insureds pursuant to the Subject Policy in excess of $390,000.00, and anticipates making additional payments under its policy.

15.    Plaintiff is legally, contractually and equitably subrogated to the rights, causes of action and claims of its insured against defendant, All-Pro Services, Inc.

# COUNT I – NEGLIGENCE
# PLAINTIFF v DEFENDANT

16.Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

17.The release of water which flooded the Subject Premises causing substantial damage as referred to above resulted from the negligence, carelessness, recklessness and/or gross negligence of defendant, and/or its agents, servants and/or employees, said negligence, carelessness, recklessness and/or gross negligence consisting of the following:

a)Improper installation of the gas-fire boiler;

b)Failing to act with due and reasonable care under the circumstances so as to preserve the property of plaintiff's insured;

c)Failing to ensure the safe operation of the subject boiler and its associated components;

d)Failing to abide by safe and proper maintenance, cleaning, service and inspection practices;

e)Failing to select and use appropriate cleaning materials and methods for the subject boiler and its associated components;

f)Failing to abide by applicable local, state and/or federal rules, regulations, ordinances, codes guidelines and/or statutes for cleaning, inspecting, maintaining, and/or servicing the subject boiler and its associated components;

g)Failing to abide by applicable industry standards and/or codes for cleaning, maintaining, servicing, and/or inspecting the subject boiler and its associated components;

h)Failing to hire competent agents, workmen and/or employees to service, maintain, clean and/or inspect the subject boiler;

i)Failing to adequately and properly supervise the installation, maintenance, servicing, cleaning, and/or inspection work performed on the subject boiler and its associate components; and

j)Otherwise failing to use due care under the circumstances.

18.     As a direct and proximate result of the foregoing, plaintiff sustained damages as aforesaid, for which defendant is liable to plaintiff.

WHEREFORE, plaintiff, Bankers Standard Insurance Company, as Subrogee of Bennett Stichman, demands judgment against defendant, All-Pro Services, Inc. in an amount in excess of $300,000.00, together with interest and the cost of this action.

## COUNT II – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
## PLAINTIFF v DEFENDANT

19.     Plaintiff incorporates by reference each and every allegation set forth above and below as though the same were fully set forth herein at length.

20.     Defendant impliedly and/or expressly warranted that it would perform its services in a good and workmanlike fashion and in accordance with applicable standards of care for plumbing renovations.

21.     As a direct and proximate result of the aforementioned acts and omissions of the defendant, the water damage occurred.

22.     As a result of said breaches, plaintiff suffered damages in an amount in excess of $300,000.00

WHEREFORE, plaintiff, Bankers Standard Insurance Company, as Subrogee of Bennett Stichman, demands judgment against defendant, All-Pro Services, Inc. in an amount in excess of $390,000.00, together with interest and the cost of this action.

Respectfully Submitted

COZEN O'CONNOR

By:     /s/ Chad E. Kurtz

           Chad E. Kurtz, Esq. (#1016934)
           1200 19th Street NW, Suite 300
           Washington, DC 20036
           Tel: (202) 463-2521
           Fax: (202) 640-5939
           ckurtz@cozen.com

           *Counsel for Plaintiff*

<u>Of Counsel</u>:

Mark E. Opalisky, Esq.
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA  19103
Phone: 215-665-2729
Fax:  215-701-2429
E: mopalisky@cozen.com