UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-1052 (ABJ) ) |
| ALL-PRO SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM OPINION

Bankers Standard Insurance Company ("Bankers") brought this case against All-Pro Services, Inc. ("All-Pro"), a Maryland corporation that provides heating and air-conditioning services to residential properties. This is a subrogation action in which the insurance company seeks to recover more than $390,000.00 it paid to its insured after a boiler installed by All-Pro in 2001 stopped working in the middle of the winter of 2018. The homeowner was away, his pipes burst in the cold, and Bankers, in accordance with the terms of the home insurance policy, reimbursed the homeowner for resultant water damage to his property. *See generally* Compl. [Dkt. # 1].

Based on these facts, the insurer has brought two claims against All-Pro: Count I alleges that All-Pro was negligent in the installation and maintenance of the boiler, and Count II alleges a breach of express and/or implied warranties. *See* Compl. ¶¶ 16–22. Defendant has moved to dismiss both counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, for summary judgment. *See* Def.'s Mot. to Dismiss or, in the Alternative for Summ. J. [Dkt. # 12] ("Def.'s Mot."); Def.'s Mem. in Supp. of Mot. to Dismiss or, in the

Alternative for Summ. J. [Dkt. # 12-1] ("Def.'s Mem.").[1] All-Pro supported its motion for summary judgment with an affidavit of its President, William Royston. *See* Aff. of William Royston, Ex. 1 to Def.'s Mot. [Dkt. # 12-3] ("Royston Aff.").

The Court notes that the complaint is highly conclusory, and it may very well fall short under Rule 12(b)(6). But All-Pro also moved for summary judgment in the alternative, supporting that motion with an affidavit in accordance with Federal Rule of Civil Procedure 56, and the plaintiff insurance company has completely failed to designate specific facts showing that there is a genuine issue for trial, or to show by affidavit or declaration that there are specific reasons why it cannot present facts essential to its opposition at this time. Bankers insists that the request for judgment is unsupported and premature, but since its opposition is based on nothing more than the same conclusory allegations set forth in the complaint, the motion for summary judgment will be granted.

**BACKGROUND**

Plaintiff is an insurance company licensed to issue property insurance in the District of Columbia. Compl. ¶ 1. At all times relevant to the complaint, plaintiff "had in force and effect a homeowner's insurance policy issued to [the homeowner]." Compl. ¶ 6.

"Prior to January 18, 2018, [the homeowner] retained the services of All-Pro to install, service and maintain a gas-fired boiler . . . located in the basement" of the property. Compl. ¶ 7. The complaint alleges, upon information and belief, that "All-Pro was to perform periodic inspections, maintenance and service as needed on the gas-fire boiler." Compl. ¶ 8.

---

1   Plaintiff opposed the motion, *see* Pl.'s Resp. in Opp. to Def.'s Mot. [Dkt. # 14]; Pl.'s Mem. in Supp. of Pl.'s Resp. in Opp. to Def.'s Mot. [Dkt. # 15] ("Pl.'s Opp."), and defendant filed a reply. *See* Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 16] ("Def.'s Reply").

Sometime before January 18, 2018, the homeowner went on vacation, leaving the property unoccupied. Compl. ¶ 9. On or about January 18, 2018, "as a result of the non-functioning gas-fired boiler, water pipes in the [property] froze and ultimately burst causing a flooding condition." Compl. ¶ 11. The flooding caused substantial damage to the property, and as a result, the homeowner submitted an insurance claim to plaintiff, which has now paid "in excess of $390,000.00. Compl. ¶¶ 13–14. Plaintiff anticipates making additional payments under its policy," Compl. ¶ 14, it sought an award "in an amount in excess of $390,000.00, together with interest and the cost of this action." Compl. at 5. These are the allegations to be considered for purposes of Rule 12(b)(6).

In support of its motion for summary judgment, defendant submitted the affidavit of its President, which contains additional factual information for purposes of Rule 56. According to Royston, All-Pro installed the gas-fired boiler at the property on November 20, 2001. Royston Aff. ¶ 3. The installation included a one year "labor warranty" from All-Pro. Royston Aff. ¶ 3. Royston avers that while All-Pro offered maintenance agreements, the homeowner never entered into such a contract with the company, *id.* ¶ 4, and All-Pro "never agreed to perform periodic inspections, maintenance or service on" the homeowner's boiler. Royston Aff. ¶ 7. The homeowner did call All-Pro, however, on three occasions between 2001 and 2018 to perform service on the boiler. Royston Aff. ¶ 8. Each time, "All-Pro provided a 30 day labor warranty." *Id*. The last time All-Pro was called to the property was on April 2, 2014. Royston Aff. ¶ 9.

## STANDARD OF REVIEW

### I. Motion to Dismiss

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678, citing *Twomby*, 550 U.S. at 555. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

When considering a motion to dismiss under Rule 12(b)(6), the Court is bound to construe a complaint liberally in the plaintiff's favor, and it should grant the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), citing *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *See id.*; *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).

4

## II. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of some factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. United States Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

Rule 56 also provides an avenue for the non-moving party to ask the Court to defer consideration of the motion and request an opportunity to conduct discovery. Rule 56(d) provides:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

5

## ANALYSIS

### I. Judgment will be entered in favor of defendant on plaintiff's negligence claim.

"The elements of a common law action for negligence are (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by the defendant, and (3) damage to the plaintiff, proximately caused by the breach of duty." *Smith v. District of Columbia*, 413 F.3d 86, 109 (D.C. Cir. 2005) (Ginsburg, J., dissenting), quoting *Powell By & Through Ricks v. District of Columbia*, 634 A.2d 403, 406 (D.C. 1993). "To allege negligence, a complaint cannot merely make conclusory assertions but must specify a negligent act and characterize the duty whose breach might have resulted in negligence liability." *District of Columbia v. White*, 442 A.2d 159, 162 (D.C. 1982) (internal quotation marks and citation omitted).

Defendant contends that the complaint fails to state a claim for negligence under District of Columbia law because it alleges no facts to show the existence of a contract between Banker's insured and All-Pro that would impose a duty "to perform any ongoing inspections, maintenance or service on the boiler." Def.'s Mem. at 7. It also argues that "there are no facts alleged showing that All-Pro Services improperly installed the boiler or that anything All-pro Services did or failed to do caused the boiler to stop working in January 2018." Def.'s Mem. at 7.

The defendant has a point. While the Court is required to draw reasonable inferences in favor of a plaintiff at this stage, the complaint must set out *facts* that make those inferences and claims plausible. Here, Count I recites a list of alleged negligent acts, such as improper installation of the boiler, "failing to ensure the safe operation of the subject boiler and its associated components," and "failing to hire competent agents, workmen and/or employees to service, maintain, clean and/or inspect the subject boiler." Compl. ¶ 17. But the facts giving rise to any duty to do those things are entirely absent. Plaintiff alleges only that All-Pro installed the gas-

fired boiler at some point "prior to January 18, 2018," Compl. ¶ 7, and that "upon information and belief, All-Pro was to perform periodic inspections, maintenance and service as needed on the gas-fire boiler." Compl. ¶ 8.[2] The complaint is similarly devoid of facts that would support the element of causation. So a ruling dismissing the case pursuant to Rule 12(b)(6) would be appropriate.

Defendant, however, did provide the Court with factual information. It moved in the alternative for summary judgment, and it supplied a sworn statement from an All-Pro official. He avers that the boiler was installed in November 2001, a little more than sixteen years before it finally gave out. Royston Aff. ¶ 3. The boiler came with a one year warranty, which has long since expired. Royston Aff. ¶ 3. All-Pro maintains that these facts "defeat[] any claim of negligence in the installation in connection with the sale," Def.'s Mem. at 8, and the complaint does not include any facts that would support an inference that the installation was deficient, and it does not specify what problems, if any, there might have been.

Royston also avers that the homeowners "never entered into a maintenance agreement for the subject boiler," that "All Pro Services, Inc. never agreed to perform periodic inspections, maintenance or service on the subject boiler." Royston Aff. ¶¶ 4–6. He states that since 2001, All-Pro was hired to perform service on the boiler three times, and that the last occasion was on April 2, 2014, almost four years before the alleged boiler malfunction. Royston Aff. at ¶¶ 4, 6, 8-9.

---

2  While some courts in this district have permitted claims to move forward based on "information and belief," they have approved those allegations "where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on *factual information* that makes the inference of culpability plausible." *Evangelou v. District of Columbia*, 901 F. Supp. 2d 159, 170 (D.D.C. 2012), quoting *Arista Records LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010) (emphasis added); *see also United States ex rel. Conteh v. IKON Office Solutions, Inc.*, 103 F. Supp. 3d 59, 66 (D.D.C. 2015); *Kelleher v. Dream Catcher, L.L.C.*, 263 F. Supp. 3d 322, 325–26 (D.D.C. 2010). Here, the facts would be equally within the control of plaintiff's insured, and there is little or nothing in the complaint that lends plausibility to the "upon information and belief" allegations.

Therefore, according to the defendant, the affidavit supports the conclusion that "there was no contract to provide periodic inspections, maintenance or service," so any claim of negligence arising out of a failure to perform such maintenance "could not exist." Def.'s Mem. at 8.

The affidavit points out how speculative and unsupported the claims were in the first place, and once defendant moved for summary judgment in the alternative, it was the plaintiff's obligation to point to the facts in dispute that create a triable issue or to say, in accordance with Rule 56(d), why it couldn't.

Plaintiff responds that Royston's statements about the absence of a maintenance obligation "are contradicted [] where Mr. Royston avers that the insureds did, however, call [d]efendant 'on occasion' to service the boiler. . . ." Pl.'s Opp. at 6. But the fact that the company may have serviced a boiler on occasion is not at all inconsistent with the sworn statement that there was no contract to inspect or maintain it on an ongoing basis. Plaintiff also states that defendant's "own understanding of the agreement, or lack thereof, . . . does not reflect [p]laintiff's own understanding. . . ." Pl.'s Opp. at 6. But Rule 56 requires more than simply asserting that a dispute of fact exists; Rule 56(c) states that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including . . . documents, . . . affidavits, . . . or other materials." Fed. R. Civ. P. 56(c)(1). And, "[a]n affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Here plaintiff simply argues that "[t]he complaint raises issues of fact that contradict Mr. Royston's affidavit," Pl.'s Opp. at 6, but that reflects a complete misunderstanding of the rules of

civil procedure. A complaint may get a lawsuit started, but it is not a source of facts for use in opposing a motion for summary judgment.

The insurer points to nothing other than its own alleged "understanding" that there may have been some agreement between the homeowner and All-Pro. It does not point to any document or statement upon which such an understanding could be based; nor does it supply any affidavit from a person with knowledge. Plaintiff did not object to the affidavit submitted by All-Pro or show that it did not establish the absence of a genuine dispute. Therefore, in accordance with Rule 56, All-Pro is entitled to judgment as a matter of law. *See Celotex,* 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e)(3) ("If a party fails to property support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it.").

But the insurance company says, hold on! This case just got started, and we should have the opportunity to take discovery. While it is true that the D.C. Circuit has encouraged trial courts to let that process go forward before entering judgment in most cases, *see Convertino v. DOJ*, 684 F.3d 93, 99 (D.C. Cir. 2012), relief under Rule 56(d) is not automatic. The rule establishes a procedure to be followed when facts are not available to the nonmoving party: "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court *may* defer the motion or allow time to obtain affidavits or to take discovery. Fed. R. Civ. P 56(d). In other words, deferring judgment and ordering discovery are discretionary, and the onus is on the nonmoving party to make *some* showing.

Here, plaintiff has not shown anything by affidavit or declaration; it did not even attach one. The insurer has not indicated who it expects to depose, what records it would seek to uncover

or from whom, or why it has been unable to obtain information from its own insured. Given plaintiff's failure to attest to "specific reasons" for withholding judgment, the Court will decline to authorize a fishing expedition to support claims that were hanging by a thread in the first place. *See Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006) (upholding the lower court's decision to deny plaintiff time for additional discovery on the grounds that "[w]e will not find an abuse of discretion where the requesting party has offered only a 'conclusory assertion without any supporting facts' to justify the proposition that the discovery sought will produce the evidence required"), quoting *Byrd v. EPA*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999).

## II. Summary judgment will be granted for defendant on plaintiff's breach of warranty claim.

The same problems plague Count II.

Defendant moved to dismiss the count alleging a breach of express and/or implied warranties for failure to state a claim since the complaint "does not allege the existence of a contract containing an express warranty . . . much less facts showing how any warranty was breached," and because it contains "no factual predicate . . . to suggest the existence of, or breach of, any implied warranty." Def.'s Mem. at 8. In the alternative, defendant argues that Royston's affidavit establishes that there is no genuine issue of material fact concerning the absence of any maintenance contract, so "breach of warranty could not exist," and defendant is entitled to summary judgment on Count II. Def.'s Mem. at 8.

The elements of a breach of an express warranty claim are: "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Wetzel v. Capital City Real Estate, LLC*, 73 A.3d 1000,1005 (D.C. 2013), quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009).

The sum total of the warranty allegations in the complaint are: in paragraph seven, plaintiff alleges that "prior to January 18, 2018, plaintiff's insured retained the services of All-Pro to install, service, and maintain a gas-fired boiler . . . ." Compl. ¶ 7. Paragraph eight alleges, "[u]pon information and belief, All-Pro was to perform periodic inspections, maintenance and service as needed on the gas-fire boiler." Compl. ¶ 8. Finally, in paragraph twenty, plaintiff alleges that "[d]efendant impliedly and/or expressly warranted that it would perform its services in a good and workmanlike fashion and in accordance with the applicable standards of care for plumbing renovations." Compl. ¶ 20.

In the absence of any allegation that there was any sort of contract, the complaint does not state a claim set for breach of express warranty. And to the extent plaintiff is alleging that the purported agreement to maintain the boiler gave rise to an implied duty to perform those contractual duties in accordance with some standard of care, that allegation also falls in the absence of any facts to support the existence of a contract.[3]

---

3  The complaint is not particularly clear about what sort of implied warranty the insurer had in mind. The District of Columbia Code states that "a warranty that [] goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." D.C. Code § 28:2-314(1). It goes on to state that "[g]oods to be merchantable must be at least. . . (b) in the case of fungible goods, [] of fair average quality within the description; and (c) [] fit for the ordinary purposes for which such goods are used . . . ." *Id*. § 28:2-314(2)(b)-(c). At bottom, then, implied warranty claims are about introducing defective products in the stream of commerce. *See Romero v. ITW Food Equip. Grp., LLC*, 987 F. Supp. 2d 93, 100 (D.D.C. 2013), quoting *Payne v. Soft Sheen Products, Inc.*, 486 A.2d 712, 720 (D.C. 1985) ("[i]n the District of Columbia, 'the doctrines of implied warranty and strict liability in tort are but two labels for the same legal right and remedy;' under either theory, 'there is a liability imposed for injury caused by placing a defective product into the stream of commerce.'"). But there is no allegation in the complaint that All-Pro manufactured the boiler, or that it sold the boiler to the homeowner – plaintiff alleges that "All-Pro … was in the business of, inter alia, providing heating, ventilation and air conditioning ("HVAC") services to residential properties." Compl. ¶ 2. And the allegations in the complaint relate to the quality of maintenance services; they say nothing about the condition or functionality of the boiler itself. So there are no facts alleged to support an implied warranty of merchantability claim in the event that was what plaintiff intended.

Moreover, the complaint does not point to any specific occasion on which All-Pro performed any services, much less identify the manner in which those services fell short, or allege any facts that would support the summary allegation that "[a]s a direct and proximate result of the aforementioned acts and omissions of the defendant, the water damage occurred." Compl. ¶ 21.

So Count II would not survive a challenge under Rule 12(b)(6).

In support of the motion for summary judgment, Royston avers, "[t]he boiler installation included a one-year labor warranty," and the homeowners "never entered into a maintenance agreement" for the boiler. Royston Aff. ¶¶ 3–4. Because the boiler was bought in 2001, the one-year maintenance warranty had long since expired by the time the boiler malfunctioned in 2018. And although the insured turned to All-Pro three times for repairs of the boiler, defendant has produced a sworn statement that those repairs – the most recent of which occurred in 2014 – came with thirty-day labor warranties only. So, as with the one-year maintenance warranty, those warranties had expired well before 2018.

Since, as stated above, plaintiff has not come forward with anything to show that there is a genuine dispute with respect to any fact in the Royston affidavit that would defeat a motion for summary judgment on the warranty claim, and it has not made the requisite showing under Rule 56(d), the defendant is entitled to judgment on Count II as well.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. A separate order will issue.

*Amy B Jach*

AMY BERMAN JACKSON
United States District Judge

DATE: April 7, 2020